# United States Court of Appeals for the Fifth Circuit

---

No. 22-60127
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2022

Lyle W. Cayce
Clerk

---

ALEX LEONEL PORTILLO RAMIREZ; BREYLIN ELIZABETH PORTILLO MENOCAL,

*Petitioners*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A216 599 250, A216 599 251

---

Before JOLLY, JONES, and HO, *Circuit Judges*.

PER CURIAM:*

Alex Leonel Portillo-Ramirez and his minor daughter, Breylin Elizabeth Portillo-Menocal (Breylin), natives and citizens of Honduras, petition for review of the decision of the Board of Immigration Appeals (BIA) dismissing their appeal from the denial by the immigration judge (IJ) of their application for asylum, withholding of removal, and relief under the

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60127

Convention Against Torture (CAT).  We review for substantial evidence, *see Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019); and consider the IJ's decision only insofar as it influenced the BIA, *see Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

The IJ's specific and accurate recitation of the record evidence belies Portillo-Ramirez's and Breylin's claim that the agency disregarded evidence of past persecution and demonstrates that substantial evidence supports the agency's determination that Portillo-Ramirez and Breylin are ineligible for asylum.  *See Martinez-Guevara v. Garland*, 27 F.4th 353, 362 (5th Cir. 2022); *Gonzales-Veliz*, 938 F.3d at 224.  Neither the petitioners' citation of out-of-circuit precedent nor their reiteration of testimony that criminal gangs tried unsuccessfully through threatening telephone calls to extort money from Portillo-Ramirez as a shop owner compels the conclusion that they suffered past persecution or had a well-founded fear of future persecution on the basis of his membership in a particular social group of business owners and street vendors susceptible to extortion.  *See Vasquez-Guerra v. Garland*, 7 F.4th 265, 269 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022); *Gjetani v. Barr*, 968 F.3d 393, 398 (5th Cir. 2020); *Qorane v. Barr*, 919 F.3d 904, 910 (5th Cir. 2019).

Because Portillo-Ramirez and Breylin's failure to show past persecution or a well-founded fear of future persecution based on a protected ground is dispositive of their request for asylum, we do not consider their remaining arguments on that issue.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).  Moreover, their failure to satisfy the asylum standard, *see Gonzales-Veliz*, 938 F.3d at 224, prevents them from satisfying the more stringent standard for withholding of removal, *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

No. 22-60127

Portillo-Ramirez and Breylin's challenge to the denial of relief under the CAT is similarly unavailing. They identify no record evidence compelling a conclusion contrary to the agency's determination that they failed to show they more likely than not would be tortured with official acquiescence if returned to Honduras. *See Gonzales-Veliz*, 938 F.3d at 224; *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015).

The petition for review is DENIED.